**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **CHRISTINE MARC** | **CASE NO. 6:26-CV-04590 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL.** | **MAGISTRATE JUDGE GALE** |

# ORDER

Before the Court is an "Emergency Motion for Temporary Restraining Order" [ECF No. 2] purportedly filed by habeas Petitioner, Christine Marc.[1] Petitioner is a 30-year-old Haitian national, who is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana.[2] Petitioner alleges that on an unspecified date "while detained, her mouth turned to one side, her right arm and right leg were affected, and she lost consciousness."[3] She asserts that "[t]hese are recognized warning signs of a stroke or transient ischemic attack," and that "[o]n information and belief, she received only first aid and was not taken to a hospital or seen by a neurologist."[4] She seeks an order requiring respondents to: (1) transport her "to an outside hospital for emergency neurological evaluation and imaging," (2) provide her and her designated family contact with complete copies of her medical records, and (3) maintain her custody in this District pending the Court's ruling on her habeas petition.[5]

Preliminary injunctive relief is an "extraordinary remedy" that should only be granted if the movant has "clearly carried the burden of persuasion" on the following four elements: (1) a

---

[1] Petitioner has not signed or verified the motion for temporary restraining order. ECF No. 2 at 6.
[2] *Id.* at 1.
[3] ECF No. 2 at 1.
[4] *Id.*
[5] *Id.* at 5; *see also* ECF No. 2-2.

substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) granting the injunction will not disserve the public interest.[6] The decision to grant preliminary injunctive relief "is to be treated as the exception rather than the rule."[7]

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>
>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[8]

Here, there is no affidavit attached to the motion that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition.[9] Additionally, Petitioner has not certified in writing any efforts made to give notice and why it should not be required.[10] As such, the requirements of Rule 65 have not been met.

To the extent that Petitioner seeks an order prohibiting her transfer to another jurisdiction, such a transfer would not deprive the Court of jurisdiction, and therefore injunctive relief is unwarranted.[11]

---

[6] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621–22 (5th Cir.1985); *see also Perez v. City of San Antonio*, 163 F.4th 110, 118 (5th Cir. 2025).
[7] *Miss. Power & Light Co.* at 621.
[8] FED. R. CIV. P. 65(b).
[9] While the habeas petition is verified, it likewise does not clearly show that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition. *See* ECF No. 1 at 2, 6–8.
[10] ECF No. 2 at 6–7.
[11] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change.").

Without expressing any opinion on the merits of Petitioner's allegations, the Court finds that a status report regarding Petitioner's current medical condition and any associated treatment is appropriate. Respondents are ordered to file a medical-status report under seal no later than November 11, 2026. The Court will review the report and decide if a status conference is necessary.

For the reasons set forth above,

IT IS ORDERED that Petitioner's "Emergency Motion for Temporary Restraining Order" [ECF No. 2] is DENIED.

IT IS FURTHER ORDERED that Respondent shall file a medical-status report no later than November 11, 2026, addressing Petitioner's current medical conditions, any medical evaluation or treatment provided to Petitioner, and Petitioner's current access to medical care while detained.

THUS DONE in Chambers on this 3rd day of November, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE